UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CHARLES BARNES** | **CIVIL ACTION NO. 07-0517** |
| **VS.** | **SECTION P** |
| **ISAAC BROWN, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on March 15, 2007, by *pro se* plaintiff Charles Barnes. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections; he is incarcerated at the Forcht-Wade Corrections Center, Keithville, Louisiana; however, when he filed his complaint he was incarcerated at the Morehouse Parish Detention Center (MPDC), Collinston, Louisiana. He complained that during his incarceration at MPDC he was denied appropriate medical and psychiatric treatment, and that he was denied a prison job because he is a homosexual. Barnes also complained about the conditions of his confinement. He named MPDC Assistant Warden Isaac Brown and Nurse Pendergrass as defendants. He prayed only for prospective injunctive relief, i.e., that "proper action be taken in these matters to resolve these conflicts and medical treatment be provided immediately." [doc. 1-1, paragraph V]

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as moot.

*Statement of the Case*

Plaintiff provided little information in support of his claims.  He is a Louisiana Department of Corrections inmate who was incarcerated at MPDC when he filed his complaint.  He claimed that in January 2006 he was diagnosed with Hepatitis C and unspecified psychiatric problems.  He complained that despite his requests, he received no medical or psychiatric treatment from the MPDC authorities.  He also complained that his requests for a prison job were denied because of his sexual orientation.  Finally, he complained that he requested to be housed in a non-smoking area but the facility provided no such facility.

On June 18, 2007, plaintiff was directed to amend his complaint to provide more specific information with respect to his claims for relief. [doc. 6] On July 11, 2007, plaintiff submitted a one-page amendment.  Therein plaintiff alleged that he was diagnosed with Hepatitis C when he was evacuated to Florida following Hurricane Katrina.  He complained that since his transfer to MPDC he had not been examined by a physician despite several requests.  In his amended complaint he reiterated his request for prospective injunctive relief as follows: "All I'm wanting is to at least be taken to a Doctor to have my liver checked and put on some kind of medication before it gets any worse.  Basically I'm just trying to get help for my sickness and these people here hasn't assisted me in any kind of way." [doc. 7]

According to the LDOC Inmate Locator Services,[1] plaintiff was transferred to the Forcht-Wade Corrections Center, Keithville, Louisiana on July 10, 2007.

*Law and Analysis*

In both his original and amended complaints, plaintiff sought only prospective injunctive relief.  As stated above, on or about July 10, 2007, plaintiff was transferred from MPDC, the offending institution, to the Forcht-Wade Corrections Center.

---

[1] See http://www.corrections.state.la.us/Offender%20Information/Offender_info.htm

The transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).

In order for plaintiff's claims to remain viable, he would have to establish that the possibility of a transfer back to MPDC would make his claims capable of repetition yet evading review. See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975).

Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would be transferred back to MPDC, or released and then re-incarcerated there. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).  At its most lenient, the standard is not "mathematically precise" and requires that plaintiff show a "reasonable likelihood" of repetition. *Honig v. Doe*, 484 U.S. 305, 318-19, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). Even under the most permissive interpretation, none of plaintiff's pleadings even suggest that the violations complained of at MPDC are capable of repetition.

Plaintiff has been transferred from the offending local facility to a Louisiana Department of Corrections Facility.  His request for injunctive relief is therefore moot.

Accordingly,

**IT IS  RECOMMENDED** that plaintiff's claims seeking prospective injunctive relief be **DENIED** and **DISMISSED WITH PREJUDICE** as **MOOT**.

The Clerk is directed to send a copy of this Report and Recommendation to the plaintiff:

**CHARLES BARNES, DOC #223181**
**FORCHT-WADE CORRECTIONS CENTER**
**7990 CADDO DRIVE**
**KEITHVILLE, LA 71047**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 27th day of July, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE